UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN CARLO HUELCHES ARCHILA (A# 221-489-936), | No.  1:26-cv-02077-DC-AC (HC) |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| WARDEN, MESA VERDE DETENTION FACILITY, et al., | (ECF No. 20) |
| Respondents. | |

Petitioner, an immigration detainee proceeding through counsel, filed this first amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 15.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 2, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 20.) On July 6, 2026, Respondents filed objections to the findings and recommendations, asserting that Petitioner's detention is mandatory but it would be lawful even if it were discretionary. (ECF No. 21.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, this court has found that a noncitizen who has

1

lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, Doc. No. 11 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who lived in United Stats for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, Doc. Nos. 1, 14 (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, Doc. Nos. 1, 9 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, Doc. Nos. 1, 10 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.     The findings and recommendations filed July 2, 2026 (ECF No. 20), are ADOPTED;

2

2.    Petitioner Joan Carlo Huelches Archila's (A# 221-489-936) first amended petition for a writ of habeas corpus (ECF No. 15) is GRANTED as to his statutory claims;

3.    Respondents are ORDERED to:

    a.  IMMEDIATELY RELEASE Petitioner from custody;

    b.  RETURN all of Petitioner's documents and possessions upon his release from custody;

    c.  FILE a notice of compliance within three (3) days of the date of entry of this order, confirming Petitioner's release from custody and the return of his documents and possessions;

4.    Respondents are PERMANENTLY ENJOINED and RESTRAINED from attempting to re-detain Petitioner unless they comply with the requirements under 8 U.S.C. § 1226(a) and its implementing regulations;

5.    This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

6.    The Clerk of the Court is directed to serve the Mesa Verde Detention Facility with a copy of this order; and

7.    The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **July 8, 2026**

_____
Dena Coggins
United States District Judge

3